UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH JOHNSON,

    Petitioner,

v.

S. HATTON,

    Respondent.

No. 2:16-cv-2744 KJM CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in the Superior Court of Sacramento County of four counts of first degree residential burglary. He is serving a sentence of 100-years-to-life imprisonment to be served consecutively to a term of 44 years.[1] Petitioner presents three claims challenging his convictions. Respondent has filed a motion to dismiss to dismiss the petition as time-barred.

    Title 28 U.S.C. § 2244 provides as follows:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Petitioner's sentence was enhanced based upon California laws concerning recidivist offenders.

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On December 10, 2014, the California Supreme Court denied petitioner's petition for review of the California Court of Appeal's decision with respect to petitioner's direct appeal. Resp't's Lodged Doc. 4. Direct review concluded 90 days later on March 10, 2015 when the time for the filing of a petition for writ of certiorari in the United States Supreme Court expired. See Brown v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one year limitations period applicable to this action began running the next day. The United States District Court for the Northern District of California received petitioner's original petition for writ of habeas corpus on November 2, 2016 (the Northern District transferred the petition to this district on November 17, 2016).[2] Therefore, absent any applicable tolling provision, the limitations period applicable to this action ran out on March10, 2016.

The statute of limitations applicable in a § 2254 action may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 560 U.S. 631,

/////

---

[2] Normally this action would be deemed commenced for statute of limitations purposes on the day petitioner gave his habeas petition to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). However, there is no indication in petitioner's habeas petition, such as a certificate of service, as to when that was. In any case, a finding by this court that petitioner commenced this action a few days before November 2, 2016 would not change the outcome of the court's conclusion regarding respondent's motion.

649, 2562 (2010). Petitioner must show that the extraordinary circumstance was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner asserts he did not receive notice that his petition for review filed in the California Supreme Court had been denied until October 11, 2016. On that day, petitioner received a copy of the denial from the California Supreme Court following petitioner's informing that court by letter, dated October 3, 2016, that he had been transferred to the Correctional Training Facility in Soledad and requesting that the court "forward any and all legal documents ..." ECF No. 22 at 6. Petitioner claims his counsel never informed him that his petition for review had been denied.

However, on November 3, 2014, petitioner's counsel sent petitioner a letter which reads as follows:

> Enclosed is the Petition for Review filed in the Supreme Court in your case. As I stated in my prior letter it usually takes between two and four months for the California Supreme Court to decide whether to accept the case or not. If you receive a document titled "remittitur" from the court, that means the Supreme Court has denied review and your state appeal is concluded.
>
> If you get a copy of the remittitur from the Court of Appeal, please write to me to advise me where you would like me to send your transcripts. You can have me send them to you directly or I can send them to someone on the outside at your direction.

ECF No. 22 at 5. California Court of Appeal records indicate that a "Remittitur" was issued on December 11, 2014. Prison mail logs provided by petitioner show petitioner received correspondence from the Court of Appeal on December 16, 2014. ECF No. 22 at 10. Petitioner does not deny that he received the "remittitur."

Furthermore, petitioner has failed to demonstrate he took any action to attempt to learn whether or not his petition had been denied anytime between the filing of the petition in November, 2014 and when he sent his letter to the California Supreme Court in October, 2016 despite the fact that his attorney told him the California Supreme Court typically takes between two and four months to render a decision on a petition for review. Petitioner provides evidence indicating that between November, 2014 and October, 2016, he sent letters to his attorney, the Sacramento County Public Defender's Office, other legal advocates, the Superior Court of

3

Sacramento County and the Sacramento County District Attorney's Office. ECF No. 22 at 8-9. During that same period of time, petitioner received correspondence from most of those persons and entities and from the Court of Appeal. Id. at 10-11.

In light of these facts, petitioner is not entitled to equitable tolling of the applicable limitations period as he has not shown he pursued his rights diligently before the expiration of the applicable limitations period and some "extraordinary circumstance" was the actual cause of petitioner's untimeliness. See Keeling v. Warden, Lebanon Correctional Inst., 673 F.3d 452, 463 (6th Cir. 2012) quoting Robinson v. Easterling, 424 F.App'x 439, 443 (6th Cir. 2011) ("'While this Court has recognized that any attorney assurances and the realities of incarceration my justifiably delay a petitioner's request for a case status update, [citations omitted], this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here.'")

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed as time-barred; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

4

constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 27, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
john2744.sol