UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JOHNSON,<br><br>              Petitioner,<br><br>    v.<br><br>S. HATTON,<br><br>             Respondent. | No. 2:16-cv-2744 KJM CKD P<br><br>ORDER |

        Petitioner, a state prisoner proceeding *pro se*, has filed this application for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Respondent filed a motion to dismiss the petition as untimely. The magistrate judge agreed and filed findings and recommendations for dismissal, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen (14) days. Petitioner timely filed objections to the findings and recommendations.

        In accordance with provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court adopts the findings that petitioner's application for habeas relief was untimely under 28 U.S.C.

1

§ 2244(d). The court does not, however, adopt at this time the findings concerning equitable tolling or the recommendation that petitioner's request for equitable tolling be denied. Instead, as explained below, the matter will be referred back to the assigned magistrate judge for further development of the record.

I. BACKGROUND

Petitioner Kenneth Johnson is a state prisoner serving consecutive prison sentences of 100-years-to-life and 44 years following his conviction for first degree residential burglary with enhancements under California's recidivism statutes. Mot. at 1-2, ECF No. 18 (citing Lodged Docs. 1–2). The California Court of Appeal affirmed the two sentences on September 24, 2014. *Id.* at 2 (citing Lodged Doc. 2). The California Supreme Court denied review on December 10, 2014. Lodged Doc. 4. Petitioner did not file a petition for writ of certiorari with the California Supreme Court. Accordingly, his direct review concluded on March 10, 2015, ninety days after the California Supreme Court denied review. *See Bowen v. Roe,*[1] 188 F.3d 1157, 1158-59 (9th Cir. 1999). Absent equitable tolling, petitioner's federal habeas corpus petition was due on March 11, 2016. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (citing *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)). Petitioner's federal petition instead was filed in the United States District Court for the Northern District of California on or about November 2, 2016. *See* ECF No. 1. An envelope attached to the petition suggests petitioner delivered the petition to prison officials for mailing on or about October 20, 2016, *see* ECF No. 1-1 at 2, which is the relevant date for purposes of calculating whether the statute of limitations had run. *See Houston v. Lack*, 487 U.S. 266 (1988).

Petitioner was represented by Scott Concklin, Esq., on direct appeal. *See* Lodged Doc. 2 at 1; Lodged Doc. 3 at 1. On November 3, 2014, Mr. Concklin sent a letter to petitioner. In its entirety, the letter reads:

/////

/////

---

[1] The magistrate judge's citation to *Brown v. Roe*, at ECF No. 25 at 2, is replaced with the proper case name here.

> Enclosed is the Petition for Review filed in the Supreme Court in your case. As I stated in my prior letter, it usually takes between two and four months for the California Supreme Court to decide whether to accept the case or not. If you receive a document entitled "remittitur" from the court, that means that the Supreme Court has denied review and your state appeal is concluded.
>
> If you get a copy of the remittitur from the Court of Appeal, please write to me to advise me where you would like to me to send your transcripts. You can have me send them to you directly or I can send them to someone on the outside, at your direction.

Opp'n, Ex. A1 ("Letter"), ECF No. 22 at 5. Petitioner's mail logs indicate that he received mail from Mr. Concklin on November 13, 2014. Opp'n, Ex. A5 ("First Incoming Mail Log"), ECF No. 22 at 10. This appears to be the last time Mr. Concklin sent any mail to petitioner. *See id.*; Opp'n, Ex. A7 ("Second Incoming Mail Log"), ECF No. 22 at 13.

On November 7, 2014, three days after sending the above letter, Mr. Concklin filed a Petition for Review with the California Supreme Court on November 7, 2014. Lodged Doc. 3 at 1. Mr. Concklin's name, bar number, and business information is located on the cover page of the Petition for Review. *Id.* It also states Mr. Concklin is "Attorney for Appellant" and "Appointed by the Court of Appeal." *Id.*

As noted above, on December 10, 2014, the California Supreme Court denied direct review of the California Court of Appeal's decision. Lodged Doc. 4. Petitioner's mail logs indicate that he received mail from the Court of Appeal on December 16, 2014. *See* First Incoming Mail Log. There is no direct evidence of what was in that mail.

The next day, December 17, 2014, petitioner sent mail to the Office of the Public Defender. *See* Opp'n, Ex. A6 ("First Outgoing Mail Log"), ECF No. 22 at 8. On January 2, 2015, petitioner sent mail to his attorney, Mr. Concklin. *Id.* This was the first letter he sent to Mr. Concklin after receiving the December 16, 2014 mail from the Court of Appeal. *Id.* On January 14, 2015, petitioner sent mail to Ms. Alice Michel at the Public Defender's Office. *Id.* On January 30, 2015, petitioner sent mail to the Sacramento County District Attorney's Office and Sacramento County Superior Court's Criminal Support Unit. *Id.* On June 1, 2015, petitioner sent mail to Ms. Michel again. *Id.* On June 3, 2015, petitioner sent mail to Mr. Concklin for a second time. *Id.* On June 16, 2015, petitioner sent mail to Mr. Concklin for a third time. *Id.* On

June 24, 2015 and June 29, 2015, petitioner sent mail to Ms. Karen M. Flynn, Chief Assistant Public Defender. *Id.* On July 16, 2015, petitioner sent mail to the Sacramento Superior Court. *Id.* On July 29, 2015 and August 12, 2015, petitioner sent mail to Ms. Flynn for a third and fourth time. *Id.* at 8–9. On August 29, 2015, petitioner sent mail to "Judge Kolloer" of the Sacramento Superior Court. *Id.* On January 25, 2016 and February 1, 2016, petitioner sent mail to the Prison Law Offices. *Id.*

In 2015 and 2016, petitioner received mail from several of the individuals and offices he had sent mail to. *See generally* First Incoming Mail Log. On January 12 and January 28, 2015, petitioner received mail from Ms. Michel of the Public Defender's Office. *Id.* On June 22, 2015, petitioner received mail from the Public Defender's Office. *Id.* On July 9, 2015 and July 10, 2015, petitioner received three pieces of mail from Ms. Flynn of the Public Defender's Office. *Id.* On August 10, 2015, petitioner received another letter from Ms. Flynn. *Id.* On August 18, 2015 and September 4, 2015, petitioner received letters from the Superior Court. *Id.* On October 12, 2015, petitioner received another letter from the Public Defender's Office. *Id.* On March 1, 2016 and March 3, 2016, petitioner received letters from D. Specter, an attorney with the Prison Law Offices. *Id.* However, petitioner received no mail from Mr. Concklin. *See generally id.*

After being transferred to another prison, on September 26, 2016, petitioner sent mail to Mr. Concklin a fifth time. *See* Opp'n, Ex. A6 ("Second Outgoing Mail Log"), ECF No. 22 at 12. Petitioner also sent mail to the California Supreme Court on October 4, 2016. *Id.* Petitioner sent a sixth letter to Mr. Concklin on October 13, 2016. *Id.* Mr. Concklin did not respond to either of these letters. *See generally* Second Incoming Mail Log. Petitioner received mail from the California Supreme Court on October 11, 2016. *Id.* Petitioner avers this is the first time he was notified of the California Supreme Court's denial of direct review. Opp'n at 2. As discussed above, petitioner submitted his federal petition to prison officials for mailing approximately nine days later, on or about October 20, 2016. ECF No. 1-1.

/////

/////

4

II.     LEGAL STANDARDS

    A.  Statute of Limitations

A petitioner for habeas relief has one year "from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to apply for habeas relief in federal court. *See* 28 U.S.C. § 2244(d)(1)(A). "The period of 'direct review' in section 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." *Bowen*, 188 F.3d at 1159 ("one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period [for U.S. Supreme Court direct review] expired").

    B.  Equitable Tolling

A petitioner for habeas relief may also be entitled to equitable tolling of the statute of limitations under *Holland v. Florida*, 560 U.S. 631 (2010). To qualify for equitable tolling, petitioner must (1) demonstrate he or she has pursued his rights diligently, and (2) show some extraordinary circumstances that prevented the timely filing of his or her petition. *Id.* at 649; *see also Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The grounds for equitable tolling are "highly fact-dependent." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017).

III.    DISCUSSION

    A.  Statute of Limitations

The magistrate judge found petitioner did not file his federal petition within the one-year limitations period. *See* ECF No. 25 at 2. This conclusion is supported by the evidence of record. As discussed above, the California Supreme Court denied review on December 10, 2014. Lodged Doc. 4. Petitioner's time to seek direct review concluded on March 10, 2015, when the ninety day period for filing a petition for writ of certiorari in the United States Supreme Court expired, *see Bowen*, 188 F.3d at 1159, and the one-year federal limitations period expired one year later on March 11, 2016. Petitioner did not file his federal habeas petition until more than seven months later, on or about October 20, 2016, when he submitted the petition to prison officials for mailing. Petitioner does not dispute the petition was not filed within the one year federal statute of limitations. *See* Travers, ECF No. 24 at 1. The court adopts the magistrate

judge's finding that the petition in fact was not filed within the one year limitations period provided by 28 U.S.C. § 2244(d)(1)(A).

### B. Equitable Tolling

The magistrate judge also finds that petitioner is not entitled to equitable tolling. ECF No. 25 at 4. For the reasons explained below, the court declines to adopt this finding at this time. Instead, the matter is referred back to the assigned magistrate judge for further development of the evidentiary record as discussed below.

The magistrate judge's denial of equitable tolling is based on an inference that petitioner received his remittitur from the California Court of Appeal on December 16, 2014. ECF No. 25 at 3. This is a reasonable inference to draw on this record. The California Rules of Court require the Court of Appeal to issue a remittitur immediately following a ruling from the California Supreme Court if there "will be no further proceedings in the California Court of Appeal." *See* Cal. R. Ct. 8.272(b)(2)(A). Thus, it is reasonable to infer that the piece of mail the mail log shows petitioner received from the Court of Appeal on December 16, 2014 was the remittitur. However, petitioner avers he did not receive the remittitur until he contacted the California Supreme Court in October 2016. Opp'n to Mot., ECF No. 22 at 2, 6; Objs., ECF No. 26 at 2.[2] Thus, the parties dispute whether petitioner actually received the remittitur in December 2014, or not until October 2016.

This factual dispute must be resolved. If petitioner did in fact receive the remittitur on December 16, 2014, he is not entitled to equitable tolling because petitioner would have been on notice of the California Supreme Court's order and therefore required to file his federal habeas petition within one year, even without the assistance of counsel. *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas"); *Luckett v. McDaniel*, 213 F.3d 642, 2000 WL 340124, at *2 (9th Cir. Mar. 28, 2000) ("the Supreme Court has held that the right to counsel extends to the first appeal of right, and no

---

[2] Petitioner's objections are signed under penalty of perjury and may therefore serve as an affidavit in these proceedings to the extent the material contained in the objections is within petitioner's personal knowledge. *See*, *e.g.*, *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995).

6

further"). If, however, petitioner did not receive the remittitur, the question of whether he was abandoned by his state appellate attorney and whether that would justify equitable tolling is squarely presented by the record before the court. It is clear that Mr. Concklin represented petitioner on the state petition for review and it appears that Mr. Concklin neither notified petitioner petition for review had been denied nor responded to any of petitioner's letters after November 2014. Lodged Doc. 2 at 1; Lodged Doc. 3 at 1.

IV. CONCLUSION

For the foregoing reasons, the October 27, 2017 findings and recommendations, ECF No. 25, are adopted in part. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order. Petitioner's November 8, 2017 motion for certificate of appealability, ECF No. 27, is denied as premature.

IT IS SO ORDERED.

DATED: April 13, 2018.

_____
UNITED STATES DISTRICT JUDGE